```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| W.K. and P.K., individually and on behalf of M.K., | HONORABLE JOSEPH E. IRENAS |
| Plaintiffs, | CIVIL ACTION NO. 06-1815 (JEI) |
| v. |  |
|  | **OPINION** |
| SEA ISLE CITY BOARD OF EDUCATION, |  |
| Defendant. |  |

**APPEARANCES:**

MAYERSON & ASSOCIATES
By: Gary S. Mayerson
330 W. 38th Street
Suite 600
New York, NY 10018
    Counsel for Plaintiffs

COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
By: William S. Donio
1125 Atlantic Avenue, Third Floor
Atlantic City, NJ 08401-4891
    Counsel for Defendant

**IRENAS**, Senior District Judge:

  Plaintiffs commenced this action on April 18, 2006, seeking enforcement of a settlement agreement entered pursuant to the Individuals with Disabilities Education Improvement Act (the "IDEA"), 20 U.S.C. § 1400, et. seq., before a New Jersey State Administrative Law Judge ("ALJ").

  Defendant moved to dismiss this case on July 10, 2006, for lack of subject matter jurisdiction and untimeliness.  For the reasons stated below, Defendant's motion will be denied.

I.

Plaintiff, M.K., is a minor child with autism. At all relevant times, M.K. has been a student residing within the Sea Isle City School District. (Compl. ¶ 1). Plaintiffs W.K. and P.K. are M.K.'s parents, residing with M.K. at an address within the Sea Isle City School District. (*Id.* at ¶ 2).

Defendant is alleged to be a duly constituted school district organized under the laws of the State of New Jersey. (Compl. ¶ 4). Defendant is alleged to be a "local educational agency" as defined in the IDEA, (*Id.* at ¶ 5), who is statutorily obligated under the IDEA to provide M.K. with a free and appropriate public education. (*Id.* at ¶ 10).

On May 16, 2005, W.K. and P.K., on behalf of M.K., filed a request for a due process hearing with the Office of Administrative Law for the State of New Jersey. (Compl. ¶ 11). This matter was assigned to ALJ Lillard E. Law. (*Id.* at ¶ 13).

The parties engaged in settlement discussions and agreed to settle the matter, with amount of attorneys' fees to be adjudicated thereafter. (Compl. ¶ 14). The parties signed a document entitled Stipulation of Settlement (Donio Cert., Ex. 1) and submitted the document to ALJ Law. On September 22, 2005, ALJ Law issued an order approving the settlement. (Compl. ¶ 17).

ALJ Law's order concludes:

> This decision is final pursuant to 20 U.S.C.A. § 1415(i)(1)(A) and 34 C.F.R. § 300.510 (2002) and is appealable by filing a complaint and bringing a civil

>action either in the Law Division of the Superior Court
>of New Jersey or in a District Court of the United
>States.  20 U.S.C.A. § 1415(i)(2); 34 C.F.R. § 300.512
>(2002).  If either party feels that this decision is
>not being fully implemented, this concern should be
>communicated in writing to the Director, Office of
>Special Education Programs.

(Donio Cert., Ex. 1).

On April 18, 2006, Plaintiffs commenced this action seeking enforcement of the settlement agreement and alleging various breaches by Defendant.  (Compl. ¶¶ 18-71).  Defendant moves to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and untimeliness.

## II.

Motions pursuant to Fed. R. Civ. P. 12(b)(1) may either "attack the complaint on its face" or "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings."  *Mortensen v. First Federal Savings and Loan Association,* 549 F.2d 884, 891 (3d Cir. 1977).  <u>Facial</u> attacks are similar to 12(b)(6) motions because the Court must consider the allegations of the complaint as true.  "The <u>factual</u> attack, however, differs greatly" because "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case...  [N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating

3

for itself the merits of jurisdictional claims." *Id.* Plaintiffs bear the burden of proving the Court's jurisdiction. *Id.*

### III.

### A.

Defendant claims that the Court had no subject matter jurisdiction to hear this case for two reasons. First, Defendant claims that ALJ Law's decision specifically reserved jurisdiction for settlement enforcement to the Director of Office of Special Education Program (the "Director").[1] Thus, this Court has no jurisdiction to enforce the settlement pursuant to 20 U.S.C. § 1415(i)(2)(A) and N.J.A.C. 6A:14-2.7(t).[2] Second, because of this failure to seek settlement enforcement with the Director of Office of Special Education Program, Defendant claims that Plaintiffs failed to exhaust their administrative remedies, violating 20 U.S.C. § 1415(l).

In the Third Circuit, IDEA settlement agreements are enforceable through 42 U.S.C. § 1983. *See L.J. ex rel. V.J. v. Audubon Bd. of Educ.*, — F. Supp. 2d —, 2006 WL 3825135 (D.N.J. 2006) (Simandle, J.); *see also Jeremy H. v. Mount Lebanon School*

---

[1] "If either party feels that this decision is not being fully implemented, this concern should be communicated in writing to the Director, Office of Special Education Programs." (Donio Cert., Ex. 1).

[2] Defendant cited this provision as N.J.A.C. 6A:14-2.7(n). However, after amendments in 2006, the relevant section is now N.J.A.C. 6A:14-2.7(t).

*Dist.*, 95 F.3d 272, 278-279 (3d Cir. 1996).

In *V.J. v. Audubon Bd. of Educ.*, the plaintiff sought a temporary restraining order to enforce an IDEA settlement with the school board. 2006 WL 3825135, at *1. The settlement in *V.J.* contains a clause identical to the settlement in this case: "If either party feels that this decision is not fully implemented, this concern should be communicated in writing to the Director, Office of Special Education Programs." *Id.* at *2.

Judge Simandle first rejected the notion that the plaintiff's only remedy lies in an enforcement petition to the Director, and not to a district court. 2006 WL 3825135, at *2 n.2. "The New Jersey Administrative Code, however, indicates that a parent enjoys the option of seeking enforcement in a court of competent jurisdiction or with the state Director of the Office of Special Education Programs..." *Id.*; *see also* N.J.A.C. 6A:14-2.7(t) ("If either party fails to comply with any provision of a final decision in a due process hearing, either party may seek enforcement of the decision in a court of appropriate jurisdiction.").

The *V.J.* court then noted the Third Circuit's pertinent precedent, *Jeremy H. v. Mount Lebanon School Dist.*, 95 F.3d 272, 278-79 (3d Cir. 1996). *Jeremy H.* held that jurisdiction to enforce an IDEA administrative order lies under 42 U.S.C. § 1983. *Id*. at 278. Thus, Judge Simandle held that "whether or not an IDEA decision of a state hearing officer or appellate body is

enforceable under IDEA directly, such a decision would seem to be enforceable under section 1983." *V.J.*, 2006 WL 3825135, at *2 (citing *Robinson v. Pinderhughes*, 810 F.2d 1270 (4th Cir. 1987) (holding that § 1983 action could be brought to enforce the decision of an IDEA administrative proceeding)).

Other courts within the Third Circuit have followed *Jeremy H.* and found jurisdiction in an IDEA enforcement action under 42 U.S.C. § 1983. *See C.H. v. Jefferson Twp. Board of Education*, Civil No. 05-39, 2005 WL 4122172 (D.N.J. 2005); *see also McClendon v. School District of Philadelphia*, Civil No. 04-1250, 2004 WL 2440661 (E.D. Pa. 2004).[3]

This Court will follow the precedent of *Jeremy H.* and *V.J. v. Audubon Bd. of Educ.*, and hold that 42 U.S.C. § 1983 provides the basis for subject matter jurisdiction for the enforcement of the settlement.

**B.**

Defendant claims that Plaintiffs' claims are untimely, because it was filed more than 90 days after September 22, 2005, the date on which ALJ Law entered his decision. Defendant cites

---

[3] Defendant cited to *Bowman v. District of Columbia*, 2006 WL 2221703 (D.D.C. 2006). The *Bowman* court treated a suit for IDEA settlement enforcement as a simple contractual matter, and declined to exercise federal jurisdiction under either 20 U.S.C. § 1415(i)(3)(A) or 42 U.S.C. § 1983. However, the Court declines to follow this case because its holding is contrary to the laws of this Circuit. *See Jeremy H.*, 95 F.3d at 279; *V.J. v. Audubon Bd. of Educ.*, 2006 WL 3825135; *McClendon*, 2004 WL 2440661.

to 20 U.S.C. § 1415(i)(2)(B), which states that "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action..." Defendant claims that since ALJ Law's order stated that it "is final pursuant to 20 U.S.C.A. § 1415(i)(1)(A)," (Donio Cert., Ex. 1), the jurisdictional limitation of § 1415(i)(2)(B) must apply.

The Court rejects this claim.  First, a plain reading of the statute undermine Defendant's contention.  Section 1415(i)(2)(A) allows a "party aggrieved" to bring a civil action in a district court, and the jurisdictional limitation of § 1415(i)(2)(B) applies only to such aggrieved party.  Because the parties in this matter reached a settlement, no one was aggrieved by ALJ Law's order.  Thus, § 1415(i)(2)(B) is inapplicable.

This point is further bolstered by the fact that § 1415(i)(2)(A) was not the basis for subject matter jurisdiction in this case.  As the Court noted in III. A., *supra*, the proper basis for subject matter jurisdiction lies in 42 U.S.C. § 1983.  Thus the 90 day limitation does not apply.[4]

---

[4] Under Defendant's theory, Plaintiffs' claims would be time barred 90 days after ALJ Law signed his order.  Thus, if the School Board tried to implement the settlement for 91 days, and then ignored it altogether, Plaintiffs would be without remedy to enforce the settlement.  This would be a strange and inequitable result.

**IV**.

For the reasons stated above, Defendant's motion to dismiss for lack of subject matter jurisdiction and for untimeliness will be denied.  The Court will issue an appropriate order.

Date: February 5, 2007

                                                s/ *Joseph E. Irenas*
                                      JOSEPH E. IRENAS, S.U.S.D.J.